Shane J. Moses (CA Bar No. 250533)
FOLEY & LARDNER LLP
555 California Street, Ste. 1700
San Francisco, California 94104
smoses@foley.com

Holland N. O'Neil
(TX Bar No. 14864700) (pro hac vice forthcoming)
Mark C. Moore
(TX Bar No. 24074751) (pro hac vice forthcoming)
Emily F. Shanks
(TX. Bar No. 24110350) (pro hac vice forthcoming)
FOLEY & LARDNER LLP
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
honeil@foley.com
mmoore@foley.com
eshanks@foley.com

**Attorneys for Defendants
BENSON SECURITY SYSTEMS, INC., an
Arizona Corporation; SHAWN BENSON, an
individual; ERIC BENSON, an individual;
CORY BENSON, an individual**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STOER CONSTRUCTION, INC., a California Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>BENSON SECURITY SYSTEMS, INC., an Arizona Corporation; SHAWN BENSON, an individual; ERIC BENSON, an individual; CORY BENSON, an individual; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No: 21CV387612<br><br>**NOTICE OF REMOVAL** |

Defendants Benson Security Systems, Inc. ("**Benson**"), Shawn Benson, Eric Benson, and Cory Benson (collectively with Benson, the "**Defendants**"), by and through their undersigned attorneys, Foley & Lardner LLP, jointly remove the instant case from the Superior Court of the State of California, Santa

1
NOTICE OF REMOVAL
CASE NO. 21CV387612

4869-8007-4498.9

Clara County (the "**State Court**"), where it is captioned *Stoer Construction, Inc. v. Benson Security Systems, Inc., et al*, Case No. 21-CV-3876121 (the "**Lawsuit**"), to the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446, and 1452 and Federal Rule of Bankruptcy Procedure 9027.

Defendants jointly remove the Lawsuit to this Court pursuant to 28 U.S.C. §§ 1446 and 1452 for two reasons.  First, the United States District Court has original jurisdiction over the Lawsuit under 28 U.S.C. § 1334 because the Lawsuit involves claims and causes of action arising under title 11, or arising in or related to a case under Title 11 of the United States Code (the "**Bankruptcy Code**").  Second, the United States District Court has original jurisdiction over the Lawsuit under 28 U.S.C. § 1332(a)(1) based on the complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000. In support of this notice of removal (this "**Notice of Removal**"), and in accordance with 28 U.S.C. §§ 1441, 1446 and 1452, and Bankruptcy Rule 9027, Defendants state as follows:

**I.      Summary**

1.      Plaintiff Stoer Construction, Inc. ("**Plaintiff**") contracted for work with Benson Systems of Northern California, LLC (the "**Debtor**"). On June 16, 2021, the Debtor, a direct affiliate of Benson, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona, Phoenix Division (the "**Bankruptcy Court**").  The resulting bankruptcy case was assigned Case No. 21-BK-04680-MCW and is pending before the Honorable Madeleine C. Wanslee (the "**Bankruptcy Case**").  A chapter 7 Trustee, Mr. David Birdsell (the "**Trustee**") has been appointed in the Debtor's Bankruptcy Case and is administering the Debtor's bankruptcy estate.

2.      Two months **after** commencement of the Bankruptcy Case, and in an obvious attempt to circumvent the Bankruptcy Court's jurisdiction, Plaintiff filed its complaint ("**Complaint**") in the State Court on August 17, 2021 against the non-Debtor Defendants, none of whom contracted with the Plaintiff. Plaintiff filed a proof of service of summons stating that they served Defendants by personal service on

4869-8007-4498.9

October 7, 2021. Thus, removal to this Court is timely, as this Notice of Removal has been filed within thirty (30) days after service of the initial pleading on which the Lawsuit is based. *See* 28 U.S.C. § 1446(b)(1); FED. R. BANKR. P. 9027(a)(3).

3.  The Lawsuit is pending in the State Court, located in Santa Clara County, which is within this judicial district. *See* 28 U.S.C. § 84(a). This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1452(a).

4.  A true and correct copy of all process, pleadings, and orders sent to Defendants is, in accordance with 28 U.S.C. § 1446(a) and Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 9027(a)(1), attached hereto as **Exhibit** "**A**". Pursuant to 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027(c), a copy of this Notice of Removal will be filed with the Clerk of the State Court promptly and will be served on all parties to the Lawsuit.

5.  The Lawsuit is an attempt to end-run federal court jurisdiction, the automatic stay imposed by section 362 of the Bankruptcy Code, and the Debtor's Bankruptcy Case. Because the alter ego claims constitute property of the Debtor's bankruptcy estate, the filing of the Lawsuit constitutes a violation of the automatic stay in the Debtor's Bankruptcy Case. Specifically, the Lawsuit asserts claims and causes of action as an avenue of recovering its claim against the bankrupt Debtor without having to go through the bankruptcy process. These claims and causes of action are intertwined and directly related to the Debtor's business and the Debtor's contracts with Plaintiff.

6.  Despite informing Plaintiff's counsel, per the letter attached hereto as **Exhibit** "**B**" and to which Plaintiff's counsel acknowledged receipt, that the Lawsuit is a violation of the automatic stay under the Bankruptcy Code, Plaintiff has not dismissed the Lawsuit. Defendants will move for relief in the Bankruptcy Court for the Plaintiff's willful violation of the automatic stay. Out of an abundance of caution and in order to allow the Bankruptcy Court to ultimately dispose of or resolve this Lawsuit, the Defendants

file this Notice of Removal with the intent to contemporaneously seek a transfer of venue to the District of Arizona where the Bankruptcy Case is being administered.

## II. Factual Background

7. Beginning on or around September 24, 2018, Plaintiff alleges that it contracted with the Debtor in several written subcontract agreements for work relating to electrical systems, plumbing, fire alarms, fire sprinklers, low voltage data systems, and heating, ventilating, and air condition HVAC systems. *See* Complaint, ¶¶ 10, 11. Plaintiff does not dispute that its contracts were with the bankrupt Debtor.

8. On June 16, 2021 (the "**Petition Date**"), the Debtor filed the Bankruptcy Case.

9. The Bankruptcy Court appointed David A. Birdsell as the chapter 7 Trustee on July 23, 2021.

10. Upon the filing of the Bankruptcy Case, an automatic stay was effectuated pursuant to 11 U.S.C. § 362. Despite the automatic stay and in an obvious attempt to end-run the bankruptcy process, Plaintiff filed the Complaint in the State Court approximately two (2) months *after* the Petition Date on August 17, 2021. The Complaint alleges ten (10) claims against the Defendants based on the subcontracts with the Debtor, including: (1) recovery of payments to unlicensed contractor under California Business and Professions Code § 7031(b); (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) negligence; (6) violation of California Business & Professions Code § 17200; (7) breach of the covenant of good faith and fair dealing; (8) intentional interference with contractual relations; (9) intentional interference with prospective economic relations; and (10) negligent interference with prospective economic relations.

11. The Complaint further alleges an alter ego theory of liability against the Defendants and against the Debtor. Specifically, Plaintiff alleges that the Defendants do not have a genuine and separate corporate existence apart from the Debtor and that they collectively acted as a single enterprise with a

4869-8007-4498.9

unity of interest, common business purpose, and unity of ownership such that separate corporate forms are merged and indistinguishable. *See* Complaint, ¶¶ 8, 9.

12. Although the Complaint centers on Plaintiff's contracts with the Debtor and alter ego theories of liability as between the Debtor and the Defendants, the Complaint does not name the Debtor as a defendant.

13. The Complaint admits that the Debtor filed for bankruptcy relief and acknowledges the pending Bankruptcy Case. Complaint, ¶ 37.

14. The Complaint alleges that Plaintiff is a corporation organized under the laws of the State of California. Complaint ¶ 1. In the Complaint, Plaintiff alleges that Benson is a corporation organized in the State of Arizona, that Shawn Benson is an individual residing in the State of Arizona, that Eric Benson is an individual residing in the State of Arizona, and that Cory Benson is an individual residing in the State of Arizona. Complaint, ¶¶ 2–5.

15. Plaintiff further alleges damages in the form of general and punitive damages, and disgorgement. Complaint, at p. 36. Specifically, Plaintiff alleges repayment of the amount of $6,267,710.00 to Plaintiff for work done **by the Debtor** allegedly without a proper license. Complaint, ¶¶ 36, 45.[1] Such allegations support diversity jurisdiction, as it alleges the Plaintiff and Defendants are citizens of different states, and it alleges that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

### III. Bases for Removal

16. Section 1441(a) of title 28 allows civil actions brought in state courts to be removed to the "district court of the United States for the district and division embracing the place where such action is pending" if the districts courts of the United States have original jurisdiction. Here, original jurisdiction

---

[1] The Complaint alleges that "[p]ursuant to Business and Professions Code section 7031(b), [Plaintiff] is entitled to recover the $6,267,710.99 it paid to [the Debtor]." *Id.* ¶ 45.

4869-8007-4498.9

exists for two independent reasons.

### A. Diversity Jurisdiction

17. Under 28 U.S.C. 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

18. As set forth above, according to the Complaint itself, the amount in controversy is at least $6,267,710.00.  Additionally, also according to the Complaint, complete diversity exists between the Plaintiff, a California corporation, and all Defendants, which are either Arizona corporations or individuals domiciled in Arizona.

19. On its face the Complaint, with all allegations taken as true solely for the purposes of removal, indicates that diversity jurisdiction exists giving the district courts of the United States original jurisdiction over the Lawsuit.  Removal is therefore appropriate under 28 U.S.C. §1441(a).

### B. Bankruptcy Jurisdiction

20. In addition to the more general removal statute, § 1441(a)(1), § 1452(a) of title 28 allows civil actions brought in state courts to be removed where federal jurisdiction arises under 28 U.S.C. § 1334 and provides as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

21. Under 28 U.S.C. § 1334(b), "a district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

22. "Arising in" jurisdiction exists over claims that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy proceedings. *See In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002); *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990); *see also In re Marshall*, 600 F.3d 1037, 1050–55 (9th Cir. 2010), *aff'd sub nom. Stern v. Marshall*, 564 U.S. 462 (2011). "Core" bankruptcy proceedings statutorily include "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A) and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship . . . ." 28 U.S.C. § 157(b)(2)(O). "Because an action to obtain property of the estate would necessarily involve a determination regarding the nature and extent of property of the estate, the action would also be a matter 'concerning the administration of the estate,' and, therefore, a core proceeding. *In re Silva*, 185 F.3d 992, 994 (9th Cir. 1999) (internal quotations omitted) (upholding prior determination that bankruptcy court had jurisdiction over turnover action that involved determination of property of the estate.).

23. "Related to" jurisdiction is another basis for this Court's jurisdiction under 28 U.S.C. § 1334. "Related to" jurisdiction is quite broad. A civil proceeding is "related to" a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy case. *See In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) (same); *see also In re Marshall*, 600 F.3d at 1050–55. "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 911 (9th Cir. 2007) (quoting *Celotex Corp v. Edwards*, 514 U.S. 300, 307 (1995)) (internal citations omitted).

24. Plaintiff's decision not to name the Debtor as a defendant, even though the claims clearly involve the Debtor's business and contracts between Plaintiff and the Debtor, is an attempt to avoid federal

jurisdiction, the automatic stay imposed by section 362 of the Bankruptcy Code, and the Bankruptcy Case claims process. In this case, the district court has original jurisdiction over the claims and causes of action alleged in the Lawsuit for at least three reasons.

25.  *First*, the claims and causes of action in the Lawsuit directly relate to the Debtor even though Plaintiff only brings them against the non-Debtor Defendants; the Plaintiff only alleges contractual agreements with the Debtor, not with the Defendants. All the claims in the Lawsuit are directly related to the Debtor's business. The agreements at issue in the Lawsuit are between the Debtor and Plaintiff, some of the claims involve the status of the Debtor's California contractor license, and the claims involve the alleged conduct of the Debtor. The only basis through which Plaintiff ties the Defendants to the claims in the Lawsuit is a conclusory theory of alter ego. Thus, not only is the Debtor is a proper defendant, but the outcome of the Lawsuit could have an effect on the estate administered in the Bankruptcy Case.

26.  *Second*, through the claims in the Lawsuit, Plaintiff seeks to recover on a claim that it may have against the Debtor in the Bankruptcy Case through other means. Thus, Plaintiff seeks to improperly and inequitably recover on a claim (to the extent such claim is valid) outside of the Bankruptcy Case process at the expense of the Debtor's other creditors and parties in interest in the Bankruptcy Case.

27.  *Third and lastly*, the Lawsuit is an attempt to control property of the Debtor's estate. Plaintiff seeks to hold the Defendants liable for claims against the Debtor through an alter ego theory of liability. Such a theory of liability could not be successful without piercing the Debtor's corporate veil, and therefore any recovery under the Lawsuit would necessarily involve the Debtor and its assets. Further, the alter ego theories of liability are claims held by the Trustee on behalf of the Debtor's estate and all creditors and parties in interest in the Bankruptcy Case, and therefore the Trustee has exclusive standing to bring such claims. To be clear, Defendants dispute such allegations.

28.  At its core, the Lawsuit is an attempt to control property of the estate and recover on claims that the Trustee has exclusive standing to bring while avoiding the purview of the Bankruptcy Court. *See*

4869-8007-4498.9

*In re Capriati Constr. Corp., Inc.*, BAP NV-17-1200-BHTA, 2018 WL 1404439, at *6–*7 (B.A.P. 9th Cir. Mar. 20, 2018) (holding that state court alter ego claims against a non-debtor principal of the debtor were property of the debtor's bankruptcy estate and therefore belonged exclusively to the trustee or debtor in possession); *see also Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) (explaining that a trustee is a real party in interest to an alter ego theory that allegations injury to the debtor-corporation itself). The alter ego theories of recovery center on allegations that are directly related to the bankruptcy estate in that they (1) directly implicate the administration of the bankruptcy estate and (2) they allege conduct and injuries to the Debtor that would give rise to claims that the Debtor would have against the Defendants. *See* Complaint, ¶¶ 8, 9, 32 (alleging that the Debtor was a mere instrumentality of the Defendants and that all the Debtor's money flowed to the Defendants).

29. The Lawsuit is a blatant violation of the automatic stay. *See* 11 U.S.C. § 362(k)(1) (providing for damages for willful violation of the automatic stay, including costs, attorneys' fees, and even punitive damages under certain circumstances). Although the Defendants are non-debtors, the Trustee in the Bankruptcy Case has an interest in and holds any alleged claims against them based on a alter ego theory because such theory alleges injury to the Debtor and recovery on such claims would benefit all creditors in the Bankruptcy Case; therefore, such claims are property of the estate. *See Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614 (D. Del. 2018) (A cause of action is property of the estate if it inures a benefit to all creditors and if the debtor could have asserted such cause of action on its own behalf under state law). Any action against property of the estate is a violation of the automatic stay. *See* 11 U.S.C. § 362(a); *In re Perl*, 811 F.3d 1120 (9th Cir. 2016) (explaining that an act to exercise control over property of the estate violates the automatic stay).

30. The State Court Lawsuit is an action against the Debtor's bankruptcy estate because it seeks to control property of the estate and because Plaintiff uses it to seek to recover on a clam it holds against the Debtor in the Bankruptcy Case. It is based on allegations that, if true, involve an identity of interests

with the Debtor's estate such that the case falls under the purview of the Bankruptcy Case and bankruptcy estate. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'") (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))). Indeed, the Complaint generally alleges that the Defendants and the Debtor failed to observe corporate formalities to wrongfully transact the Debtor's business. *See* Complaint, ¶ 8. These allegations, if true, support claims that all creditors and parties in interest of the Debtor could assert against the Debtor, and therefore such allegations are not particularized to the Plaintiff and belong exclusively to the Trustee, if and to the extent they are valid and worth pursuing. *See In re Capriati Constr. Corp., Inc.*, BAP NV-17-1200-BHTA, 2018 WL 1404439, *7 (holding that alter ego theories of liability that support claims that can be brought by all creditors are property of the estate and belong exclusively to the debtor).

31. Additionally, the Complaint alleges a basis for removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332. As explained above, the Complaint alleges the Plaintiff and Defendants are citizens of different states, and it alleges the amount in controversy exceeds $75,000; therefore, the Complaint as currently alleged, supports removal on the basis of diversity jurisdiction. 28 U.S.C. § 1332; *see also* 28 U.S.C. § 1446(b) (explaining that the action becomes removable 30 days after defendant receives service of a pleading or other paper setting forth the claim for relief upon which the action is based); *Pizarro v. Astra Flooring Company*, 444 F.Supp.3d 1146 (N.D. Cal. 2020) (explaining that the time for removal based on diversity jurisdiction begins when defendant is on notice of sufficient information supporting removal).

4869-8007-4498.9

32.     Based on the foregoing, this Court possesses bankruptcy subject matter jurisdiction over the claims and causes of action in the State Court Lawsuit.  Consequently, the Lawsuit may properly be removed to this Court, and no further proceedings should be had in the State Court.

33.     Upon removal of the Lawsuit to this Court, Defendants jointly consent to entry of final orders or judgment by this Court and the Bankruptcy Court.

34.     Further, upon removal of the Lawsuit to this Court, Defendants will move to transfer venue of the Lawsuit to the Bankruptcy Court.

35.     Nothing in this Notice of Removal is intended or should be construed as an (a) express or implied admission by Defendants of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or (b) express or implied waiver or limitation of Defendants' rights, claims, remedies, and defenses in connection with this Lawsuit, all of which are hereby expressly reserved.  Further, by filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to them.

WHEREFORE, Defendants remove this case to the San Jose Division of this Court, respectfully request that no further proceedings be had in the State Court, and request that this Court grant such other and further relief as it deems just and proper.

11
NOTICE OF REMOVAL
CASE NO. 21CV387612

1 | Date:  November 8, 2021

                                            **FOLEY & LARDNER LLP**

By: *Shane J. Moses*
     Shane J. Moses (CA Bar No. 250533)
     FOLEY & LARDNER LLP
     555 California Street  Suite 1700
     San Francisco, California  94104
     smoses@foley.com

     Holland N. O'Neil
     (TX Bar No. 14864700) (pro hac vice forthcoming)
     Mark C. Moore
     (TX Bar No. 24074751) (pro hac vice forthcoming)
     Emily F. Shanks
     (TX. Bar No. 24110350) (pro hac vice forthcoming)
     FOLEY & LARDNER LLP
     2021 McKinney Avenue, Ste. 1600
     Dallas, Texas 75201
     Telephone:  214.999.3000
     Facsimile:    214.999.4667
     honeil@foley.com
     mmoore@foley.com
     eshanks@foley.com

**Attorneys for Defendants**
**BENSON SECURITY SYSTEMS, INC., an Arizona Corporation; SHAWN BENSON, an individual; ERIC BENSON, an individual; CORY BENSON, an individual**

PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to this action; my current business address is 555 California Street Suite 1700, San Francisco, CA 94104-1520.

On November 8, 2021, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Stoer Construction, Inc.
Registered Agent:
Sean Anderson
1800 Hamilton Avenue, Suite 230
San Jose, CA 95125

Attorneys for Plaintiff Stoer Construction, Inc.
Eugene Ashley
Cara Mae Acibo
Emma B. Lloyd
HOGE, FENTON, JONES & APPEL, INC.
55 South Market Street, Suite 900
San Jose, California 95113-239
Eugene.ashley@hogefenton.com
Cara.mae.acibo@hogefenton.com
Emma.lloyd@hogefenton.com

Attorney for Trustee, David A. Birdsell
Theodore P. Witthoft (State Bar I.D. No. 021632)
WIFFHOFT DERKSEN, P.C.
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 850125
twitthoft@wdlawpc.com

Attorney for Debtor Benson Systems of Northern California, LLC
Alan A. Meda
Burch & Cracchiolo PA
1850 N. Central Ave., Ste. 1700
Phoenix, AZ 85004
ameda@bcattorneys.com

____ BY MAIL
  ____ I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at San .

  ____ I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Francisco, California. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

____ BY E-MAIL
  X    I served the foregoing document via e-mail to the addressees above at the e-mail

1
NOTICE OF FILING
CASE NO. 21CV387612

4869-8007-4498.9

____    addresses listed therein.

____ BY FACSIMILE

____ I transmitted the document(s) by facsimile transmission from a facsimile transmission machine, at San Francisco, California, with the telephone number, 415.434.4507, to Click and Type Name whose facsimile transmission telephone number is Click and Type Number .

____ I am readily familiar with the firm's practice for delivery by facsimile transmission: the firm transmits the document(s) from a facsimile transmission machine to the person to be served. I placed the document(s) in the place designated by the firm, at San Francisco, California, for facsimile transmission to Click and Type Name whose facsimile transmission telephone number is Click and Type Number on the above date following ordinary business practices. The document(s) was transmitted from a facsimile transmission machine with the telephone number of 415.434.4507. The facsimile transmission was reported as complete without error by a transmission report, issued by the facsimile transmission machine upon which the transmission was made, immediately following the transmission.

____ BY HAND DELIVERY. I delivered the envelope(s) by hand to addressee(s).

____ BY EXPRESS MAIL (Via United States Postal Service)

____ I deposited the envelope(s) in a facility regularly maintained by the United States Postal Service for receipt of Express Mail, with Express postage fully prepaid.

____ I am readily familiar with the firm's practice for collection and processing of correspondence for Express Mail; the firm deposits the collected correspondence with a facility regularly maintained by the United States Postal Service for receipt of Express Mail that same day, in the ordinary course of business, with Express Mail postage thereon fully prepaid, at San Francisco, California. I placed the envelope(s) for collection and Express Mailing on the above date following ordinary business practices.

____ BY EXPRESS SERVICE CARRIER (Via Overnight Courier Service)

__X__ I placed the envelope(s) in a box or other facility regularly maintained by Federal Express Mail, or delivered the document(s) to a courier or driver authorized by the express service carrier to receive document(s), in an envelope(s) or package designated by the express service carrier, with delivery fees paid or provided for, at San Francisco, California.

____ I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Click and Type Name of Courier : collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at San Francisco, California, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

____ Executed on November 5, 2021, at San Francisco, California.

1    __X__    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2    __X__    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Shane J. Moses*
Shane J. Moses

3
NOTICE OF FILING
CASE NO. 21CV387612

4869-8007-4498.9