ATTORNEYS AT LAW

2021 MCKINNEY AVENUE, SUITE 1600
DALLAS, TX 75201-3340
214-999-4961
WWW.FOLEY.COM

honeil@foley.com

> **Exhibit B**

November 2, 2021

**Via Electronic Mail and Overnight Federal Express**
**IMMEDIATE RESPONSE REQUIRED**
Stoer Construction, Inc.
c/o Eugene Ashley, Cara Mae Acibo & Emma B. Lloyd
HOGE, FENTON, JONES & APPEL, INC.
55 South Market Street, Suite 900
San Jose, California 95113-2396
Eugene.ashley@hogefenton.com
Cara.mae.acibo@hogefenton.com
Emma.lloyd@hogefenton.com

      Re:    *Stoer Construction, Inc. v. Benson Security Systems, Inc., et al*,
             in the Superior Court of CA, County of Santa Clara,
             Case No. 21-CV-387612

Dear Mses. Ashley, Acibo & Lloyd,

      My firm has been retained to represent Benson Security Systems, Inc. and related individuals. I write to you in your capacity as counsel to Stoer Construction Inc. ("**Stoer**") to inform you that the lawsuit filed in the Superior Court of the State of California, County of Santa Clara, captioned *Stoer Construction Inc. v. Benson Security Systems, Inc., Shawn Benson, Eric Benson, Cory Benson, and Does 1 through 50*, Case No. 21-CV-387612 filed on August 17, 2020 (the "**California Case**")[1] is in violation of the automatic stay imposed by 11 U.S.C. § 362 in the bankruptcy case pending in the United States Bankruptcy Court of the District of Arizona, Phoenix Division, captioned *In re Benson Systems of Northern California, LLC*, Case No. 21-04680-MCW (the "**Bankruptcy Case**"). The bankruptcy court appointed David A. Birdsell as the Chapter 7 trustee on July 23, 2021 (the "**Trustee**").

      Benson Systems of Northern California, LLC, the chapter 7 Debtor in the Bankruptcy Case (the "**Debtor**"), is affiliated with Benson Security Systems, Inc. Benson Security Systems, Inc. is the manager of Benson Systems of Northern California, LLC. Shawn Benson, Eric Benson, and Cory Benson are managing members and principals of both Benson Security Systems, Inc. and Benson Systems of Northern California, LLC.

      Stoer has not named Benson Systems of Northern California, LLC as a defendant in the California Case; however, Stoer alleges that the Defendants do not have a genuine and separate corporate existence apart from Benson Systems of Northern California, LLC and that they all, collectively, acted as a single enterprise with a unity of interest, common business purpose, and unity of ownership such that separate corporate forms are merged and indistinguishable. Based on these

---

[1] The defendants in the California Case are hereby collectively referred to as the "Defendants."

| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TALLAHASSEE |
| BOSTON | HOUSTON | MIAMI | SALT LAKE CITY | TAMPA |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN DIEGO | WASHINGTON, D.C. |
| DALLAS | LOS ANGELES | NEW YORK | SAN FRANCISCO | BRUSSELS |
| DENVER | MADISON | ORLANDO | SILICON VALLEY | TOKYO |

4892-8069-3505.3



November 2, 2021
Page 2

allegations, Stoer brings claims pursuant to a theory of alter ego. Such claims involve the Debtor, and if true, are claims that the Trustee, on behalf of the Debtor, could bring against the Defendants on behalf of all creditors in the Bankruptcy Case. Additionally, the California Case bases its claims on contracts to which the Debtor is a party, and therefore Stoer ostensibly seeks to hold the Defendants liable for the alleged actions of the Defendants and the Debtor.

Stoer's California Case, based on theories of alter ego against the Defendants, cannot escape the purview of the Bankruptcy Case and the automatic stay imposed pursuant thereto. Indeed, Stoer specifically acknowledges that Benson Systems of Northern California, LLC is the Debtor in the pending Bankruptcy Case. Failing to name the Debtor as a defendant has not and does not prevent Stoer from escaping the purview of the Bankruptcy Case and the automatic stay. Rather, the California Case is a clear attempt to end-run the automatic stay.

Therefore, although the Defendants are non-debtors, the Trustee in the Bankruptcy Case has an interest in and holds any alleged claims against them based on a theory alter ego because recovery on any claims would benefit all creditors in the Bankruptcy Case; therefore, such claims are property of the estate. *See Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614 (D. Del. 2018) (A cause of action is property of the estate if it inures a benefit to all creditors and if the debtor could have asserted such cause of action on its own behalf under state law). Any action against property of the estate is a violation of the automatic stay. *See* 11 U.S.C. § 362(a); *In re Perl*, 811 F.3d 1120 (9th Cir. 2016) (explaining that an act to exercise control over property of the estate violates the automatic stay). The California Case is an action against the bankruptcy estate because it seeks to control property of the estate and because Stoer uses it to seek to recover on a clam it holds against the Debtor in the Bankruptcy Case. The California Case was therefore filed in violation of the automatic stay.

Section 362 of the Bankruptcy Code also provides for damages for willful violation of the automatic stay, including costs, attorneys' fees, and even punitive damages. *See id.* § 362(k)(1). **Accordingly, Stoer must dismiss the California Case or be subject to sanctions for willful violation of the automatic stay in the Bankruptcy Case. If the California Case is not dismissed on or before Friday, November 5, 2021, with proof of dismissal provided to the undersigned and the Defendants on or before 5:00 p.m. Pacific Time on such date, you are on notice that we will immediately proceed in the Bankruptcy Case against Stoer for willful violation of the automatic stay and will seek all available damages.**

    Sincerely,

    Holland N. O'Neil

4892-8069-3505.3