**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stoer Construction Incorporated, | No. CV-22-00400-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Benson Security Systems Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants Benson Security Systems, Inc., Shawn Benson, Eric Benson, and Cory Benson's Motion to Dismiss. (Doc. 54.) Plaintiff Stoer Construction, Inc. filed a Response, (Doc. 57.), and Defendants replied. (Doc. 58.) The Court heard oral argument on the Motion to Dismiss on August 25, 2022. After considering the parties' arguments and the relevant law, the Court will deny in part and grant in part the Motion to Dismiss, for the reasons explained below.

**I.   BACKGROUND**

Plaintiff is a California-licensed contractor who was hired to build a new hotel in California. (Doc. 1-1 ¶ 10.) Plaintiff's Complaint alleges that between September and October 2018, Plaintiff executed six subcontracts with Benson Security Systems of Northern California, LLC ("Debtor") to assist in construction of the hotel. (*Id.* ¶¶ 10–11.) Plaintiff alleges that Debtor made several misrepresentations in connection with the subcontracts, (Doc. 57 at 4–5), under which Plaintiff paid Debtor over $6.2 million. (*Id.* at 5.)

On June 16, 2021, Debtor petitioned for bankruptcy in the United States Bankruptcy Court for the District of Arizona (case number 2:21-bk-04680-MCW). (*Id.* at 6.) On August 17, 2021, Plaintiff filed the instant case in Santa Clara Superior Court in California. (*Id.*) The Complaint does not include Debtor, but instead includes Benson Security Systems, Inc., Shawn Benson, Eric Benson, Cory Benson, and unnamed Defendants. (Doc. 1-1 at 5.) The Complaint alleges ten claims related to the six subcontracts executed between Plaintiff and Debtor for: (1) recovery of payments to unlicensed contractor under Business & Professional Code section 7031(b); (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) negligence; (6) violation of Business and Professional Code section 17200; (7) breach of the covenant of food faith and fair dealing; (8) intentional interference with contractual relations; (9) intentional interference with prospective economic relations; and (10) negligent interference with prospective economic relations. (Doc. 57 at 6.) The Complaint also alleges that Benson Security Systems, Inc. is the parent and alter ego of Debtor, (*see* Doc. 1-1 ¶ 9), and that Debtor is a subsidiary of Benson Security Systems, Inc., (*Id.* ¶ 11). On November 8, 2021, Defendants removed this action to the United States District Court, Northern District of California. (Doc. 1.)

On March 9, 2022, the Northern District of California court issued an order transferring the case to this Court. (Doc. 50.) The transfer order included a finding that the case was related to Debtor's bankruptcy case pending in the U.S. Bankruptcy Court for the District of Arizona. (*Id.* at 2.) Quoting *In re Pegasus Gold Corp.*, the Northern District of California court found that "it is plain as day that this case is, at a minimum, 'related to' the bankruptcy case in Arizona, as the outcome of this case 'could conceivably have an[] effect on the estate being administered in bankruptcy.'" 394 F.3d 1189, 1193 (9th Cir. 2005) (*Id.*) Thus, the court transferred the case to this Court for referral to the Bankruptcy Court. (*Id.* at 3.)

**II. LEGAL STANDARD**

   **A. Rule 12(b)(7)**

A party may move to dismiss a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 requires courts to inquire (1) whether the absent party is necessary (i.e., required to be joined if feasible); (2) if necessary, is it feasible to order that absent party to be joined; and (3) if infeasible, can the case proceed without the absent party, or is the absent party indispensable. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). Under Rule 19(a)(1), a person must be joined in a lawsuit if feasible, if:

> (A) in that person's absence the court cannot accord complete relief amongst existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under Rule 19(b), "where a non-party satisfies either of the two criteria in Rule 19(a) but cannot be feasibly joined, the court must determine whether the action should proceed." *Finsa Portafolios, S.A. de C.V. v. Opengate Cap., LLC*, No. 2:17-CV-04360-RGK-E, 2020 WL 7862124, at *4 (C.D. Cal. Aug. 19, 2020). "The terms 'necessary' and 'indispensable' are terms of art in Rule 19 jurisprudence." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004). "Necessary" refers to a party who should be joined if feasible, and "indispensable" refers to "a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed." *Id.* (citations omitted). "The failure to join a party under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over the necessary party and that party is determined to be indispensable to the action." *Camacho v. Major League Baseball*, 297 F.R.D. 457, 460 (S.D. Cal. 2013). "The burden of proof for a Rule 12(b)(7) motion is on the moving party." *Finsa*, 2020 WL

- 3 -

7862124, at *4. In its Rule 19 analysis, a court may consider evidence outside of the pleadings. *Id.*

### B. Rule 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331–1332. Because our jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

The Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To show that a case or controversy exists, a plaintiff must establish that he has standing to bring suit. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must satisfy three elements to establish Article III standing: (1) an injury in fact, (2) a causal connection between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the Court. *Id.* at 560–61. In addition, when a plaintiff "seek[s] declaratory and injunctive relief only, there is a further requirement that [the plaintiff] show a very significant possibility of future harm." *San Diego Cnty. Gun Rts Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit," and "the suit should be dismissed under Rule 12(b)(1)." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

### C. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. DISCUSSION

#### A. Plaintiff's Standing

Defendants argue Plaintiff lacks standing to pursue alter ego related claims based on an injury to a bankruptcy debtor, such as Debtor, and that the bankruptcy trustee has exclusive standing to bring alter ego claims based on a debtor's injury. (Doc. 54 at 9.) Defendants are incorrect.

"A trustee in bankruptcy may not sue upon claims of creditors even if they are assigned to him if the claims sued upon are not claims belonging to the estate in bankruptcy." *Stodd v. Goldberger*, 73 Cal.App.3d 827, 835 (Cal. Ct. App. 1977). "A claim for an injury is personal to the creditor if the other creditors generally have no interest in

that claim." *Harrison v. Soroof Int'l, Inc.*, 320 F.Supp.3d 602, 613 (D. Del. 2018). The Ninth Circuit has held that under California law, a creditor may bring alter ego claims against a debtor, and that "California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for purposes of all the corporation's debts." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010). Here, the injury is personal to Plaintiff and is not an injury to the bankruptcy estate. Accordingly, Plaintiff has standing to pursue alter ego claims against Defendants, and dismissal is not appropriate under Rule 12(b)(1) and Defendants' Motion to Dismiss based on this rule will be denied.

### B. Failure to Join a Necessary and Indispensable Party

Defendants also argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(7) because Debtor is a necessary and indispensable party under Rule 19. While the Court finds that Debtor is a necessary party in this action, it also finds the case should nonetheless proceed.

Under California law, a business entity is a necessary party to an action where a plaintiff is alleging that a principal is an alter ego of the corporation. *See Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL 5932990, at *3–5 (E.D. Cal. Nov. 27, 2012) (finding that in a bankrupt corporation's absence, the court could not accord complete relief among existing parties); *see also Sino-US Inv. Mgmt. Consultant Ltd. v. Rhee*, No. CV-20-08597-AB-MRW, 2021 WL 5020469, at *9 (C.D. Cal. Mar. 9, 2021) (finding that when potential liability attached to an absent business entity upon a finding of liability for the defendant, the business entity had a legally protected interest, making it a necessary party). The same is true here. If the Debtor is not joined, it will not be able to defend itself from liability and will be at "a significant risk of incurring double, multiple, or otherwise inconsistent obligations because of [its] interest in the litigation." *Wilson*, 2012 WL 5932990, at *5 (alteration in original). Thus, Debtor appears to be a party required to be joined if feasible under Rule 19(a).

The Court must then determine whether it is feasible to join Debtor. The Court

finds joinder is not feasible here. Debtor is in bankruptcy, and thus, an automatic stay applies that makes joinder infeasible. Accordingly, the Court must determine, pursuant to Rule 19(b), "whether the action should proceed" or be dismissed. *Finsa*, 2020 WL 7862124, at *4; Fed. R. Civ. P. 19(b). Rule 19(b) includes four factors for the Court to consider, including:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A)   protective provisions in the judgment;
>     (B)   shaping the relief; or
>     (C)   other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Here, the factors weigh in favor of allowing the action to proceed. As plaintiff points out, as to the first factor, "a judgment is not res judicata as to, or legally enforceable against, a nonparty." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 110 (1968). Nonetheless, as recognized by *Wilson*, Debtor will face significant prejudice if the action proceeds in its absence. 2012 WL 5932990, at *8. Thus, the first factor weighs in favor of dismissal. The second factor also weighs in favor of dismissal because it is unclear how any prejudice could be lessened or avoided by shaping relief. As to the third factor, Plaintiff argues that a judgment rendered in Debtor's absence would be adequate because Defendants are solvent and any judgment against them could be satisfied by Defendants' assets, while Debtor is "woefully undercapitalized." However, according to the U.S. Supreme Court, "adequate" in this context means the "public stake in settling disputes by wholes, whenever possible." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (quoting *Provident Bank*, 390 U.S. at 111). Because proceeding would not allow this dispute to be settled whole, this factor weighs in favor of dismissal.

The fourth and final factor weighs strongly in favor of allowing the action to proceed. If this action were dismissed for non-joinder, a potential miscarriage of judgment

could occur. Plaintiff will have virtually no recourse if the Court dismisses this case. Although Plaintiff has filed a proof of claim with the Bankruptcy Court, Debtor has insufficient assets to contribute much, if anything, to Plaintiff's potential damages. Furthermore, the bankruptcy process is all but finished. Thus, if Plaintiff's allegations are true, and the Court dismisses the case, then the individual defendants and Benson Security Systems, Inc. will escape the consequences of their alleged misconduct unscathed, by virtue of the bankruptcy filing. The absence of an alternative forum is given great weight when deciding whether a case should proceed without a necessary party. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir.1979) (finding that the most important factors are that a judgment without the absentee will be adequate and whether plaintiff will have an adequate remedy if the case is dismissed for non-joinder). Accordingly, the Court finds that there are exceptional circumstances in this case that weigh heavily in favor of allowing the case to proceed under the fourth factor.

While Debtor is a necessary party, the Court finds that the case should proceed under the Rule 19(b) factors, and the Motion to Dismiss will be denied pursuant to Rule 12(b)(7).

### C. Rule 12(b)(6) Arguments

Defendants argues that dismissal is required because Plaintiff relies on group pleading which "fails to provide notice as to what each of the Defendants allegedly did or failed to do that gives rise to each of the claims alleges". (Doc. 54 at 12.) Defendants also argue that Plaintiff has not plead sufficient facts to support the "alter ego" theory. Plaintiff does not respond substantively but rather asserts it has adequately alleged facts to support each cause of action. (Doc. 57 at 14.) Plaintiff does not address the problem of making group allegations or the lack of facts to support "alter ego" allegations.

Defendants also argue that Plaintiff must meet Rule 9(b)'s pleading requirements because all claims involve fraud allegations. Rule 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the

purported fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

The Court agrees that Rule 9(b) governs review of the Complaint in this case because all the claims are based on alleged fraudulent conduct. Grouping all defendants together for every factual assertion does not satisfy Rule 9(b). Additionally, Plaintiff is required to plead some factual basis for an alter ego theory. "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003). Therefore, Defendants' Motion to Dismiss will be granted pursuant to Rule 12(b)(6).

## IV.     LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citation omitted).

Here, the Court will grant Plaintiff leave to amend to address its failure to plead the fraud claims in its Complaint. Plaintiff's amended complaint, should it choose to file one, must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within twenty-one (21) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** denying in part and granting in part Defendants' Motion to Dismiss. (Doc. 54.)

1 **IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, it must be filed within 21 days of the date this order is entered.

Dated this 2nd day of September, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge